# RE HEEREN.

PATENTS; PATENTABILITY; ANTICIPATION; NOVELTY; PROCESS.

1. A patent for an ornamental article comprising a preformed base and a botanic specimen embedded therein, with its natural appearance preserved, was denied in view of Patent No. 277,572, issued May 15, 1883, to one Juncker, showing that it is old to ornament articles with botanic specimens, and Patent 251,924, issued January 31, 1882, to one Nickerson, showing that it is old to inlay a substance in a pre-

formed base in a manner substantially similar to that adopted by the applicant.

2. Nothing in support of the patentability of an ornamental article comprising a preformed base and a botanic specimen embedded therein, with its natural appearance preserved, is involved in the fact that the embedding process, consisting of heat and pressure, eliminates the decaying factors from the specimen, thus preserving its natural colors, where the application is for an article of manufacture, a patent for the process having previously been granted, and involves no claims which would have accomplished that result.

No. 903. Patent Appeal. Submitted March 10, 1914. Decided April 6, 1914.

HEARING on an appeal from a decision of the Commissioner of Patents refusing a patent for an alleged improvement in ornamented articles.                                    *Affirmed.*

The facts are stated in the opinion.

*Mr. Horace G. Seitz, Mr. William S. Hodges,* and *Mr. Theodore K. Bryant* for the appellant.

*Mr. Robert F. Whitehead* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents refusing to grant William E. Heeren, appellant, a patent for an alleged improvement in ornamented articles. Six claims were presented and rejected, which are sufficiently illustrated by the following:

"1. An ornamental article comprising a preformed base and a botanic specimen embedded therein, with its natural appearance preserved."

"5. An ornamental article comprising a preformed base and a botanic specimen fixedly embedded in and contacting with the outer face of the base, said specimen extending within the

planes of the base, the natural outline of the plant or leaf being fixed and held unchangeable relative to the base by the embedding operation, the specimen being substantially freed from sap during such operation."

The article is described by the Commissioner in his opinion as follows: "It appears from these claims that applicant's alleged invention consists of a botanic specimen embedded in a base. The process by which this article is made consists in embedding the specimen in the base by the action of heat and pressure, and, as a further step, placing a transparent film over the specimen." A patent has been allowed appellant for the process by which his improvement is made.

A patent to one Juncker, No. 277,572, issued May 15, 1883, shows that it is old to ornament articles with botanic specimens. In applying the invention disclosed in this patent, the base is first coated with a solution of gutta-percha, and the specimens, which are also covered with gutta-percha, are applied thereto, and then covered with a second sheet of gutta-percha.

A patent to one Nickerson, No. 251,924, issued January 3, 1882, shows that it is old to inlay a substance in a preformed base, in a manner substantially similar to that adopted by appellant. As stated by the Commissioner: "The patent to Nickerson discloses a process of inlaying with pigment a surface of horn or celluloid, which consists in applying a stiff mixture of the color to the base, allowing it to dry, and then embedding it in the base by the application of heat and pressure."

Appellant contends that the application of his process has the effect of eliminating the decaying factors from the specimen, thus preserving it in its natural colors, and that he is the first person to apply heat and pressure for this purpose. But it must be remembered that this is an application for an article of manufacture, and not for a process. As held by the tribunals below, there is nothing in the article described in the claims that would accomplish this result. To read into the claims the process by which the article is produced would, in effect, be granting appellant two patents on such process.

The decision of the Commissioner of Patents is affirmed, and

the clerk is directed to certify these proceedings as by law required.                                                        *Affirmed.*

Mr. Justice Anderson, of the supreme court of the District of Columbia, sat with the court in the hearing and determination of this appeal, in the absence of Mr. Chief Justice Shepard.